**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TIMOTHY HARNETT, a/k/a SHAIABDULLAH
MUHAMMAD,

                               Plaintiff,

        - v -                                 Civ. No. 9:07-CV-0952
                                                      (GLS/RFT)

K.D. TETREAULT, *et al.*,

                               Defendants.

**APPEARANCES:**                                     **OF COUNSEL:**

TIMOTHY HARNETT
a/k/a SHAIABDULLAH MUHAMMAD
Plaintiff, *Pro Se*
01-A-3567
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, New York 12953

HON. ANDREW M. CUOMO                      DOUGLAS J. GOGLIA, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

    *Pro se* Plaintiff Timothy Harnett has brought this claim, under 42 U.S.C. § 1983, alleging

that the Defendants conspired to deprive him of his constitutional rights in retaliation for his filing

a grievance against Defendant K.D. Tetreault.  Dkt. No. 1, Compl. Accompanying the filing of his

original Complaint was a Motion for leave to Proceed *In Forma Pauperis* ("IFP"), which was

granted by the Court.  Dkt. Nos. 2 & 4.

Presently before the Court is Defendants' Motion to Revoke Plaintiff's IFP Status and Conditionally Dismiss his Amended Complaint pursuant to 28 U.S.C. § 1915(g).  Dkt. No. 50. Despite being granted an extension of time to do so, Plaintiff has not substantively opposed the Motion.[1]  For the reasons that follow, it is recommended that Defendants' Motion be **GRANTED**.

## I.  DISCUSSION

### A.  28 U.S.C. § 1915

Under 28 U.S.C. § 1915, individuals may seek leave of court to pursue their claims without prepayment of fees and costs and proceed with the litigation as a poor person or *in forma pauperis*. 28 U.S.C. § 1915(a)(1).  The IFP statute enables prisoners to similarly apply for this privilege, and indeed, many, if not most, incarcerated individuals bringing civil suits have taken advantage of such opportunity.  *Id.* at § 1915(a)(2).  Also under this statute, a court may *sua sponte* dismiss a case if it determines at any time that such action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  *Id.* at § 1915(e)(2).

Recognizing the potential for prisoner abuse and seeking to relieve congestion of patently

---

[1] According to the Docket Report, Plaintiff filed a "Response" to Defendants' Motion, Dkt. No. 55, however, upon closer review of that document, it appears not to be a substantive response, but rather an explanation as to why he cannot respond.  In his letter to the Court, dated April 7, 2009, Plaintiff explains his failed efforts to obtain decisions rendered by the Southern District of New York and the Second Circuit which were cited by the Defendants in support of their Motion.  Those cases pertain to claims and an appeal filed by Plaintiff.  With the April 10th filing deadline looming, Plaintiff did not ask for more time to respond, nor has he communicated with the Court since that filing. Notably, in two other cases in this District, facing a similar Motion in each, Plaintiff sought extensions of time to respond so he could obtain those same decisions rendered by the Southern District and Second Circuit; upon being granted such extensions of time, Plaintiff failed to respond or ask for more time.  *See Harnett v. Barr*, Civ. No. 9:06-CV-1044 (GTS/GJD), Dkt. No. 52, Pl.'s Lt., dated Feb. 12, 2009 (seeking a thirty-day adjournment of the Defendants' Three Strikes Motion so that he may secure the decisions through a Freedom of Information Law request, however, after being granted such relief, Plaintiff ceased to communicate with the Court resulting in the Court addressing Defendants' Motion without the benefit of Plaintiff's response); *Harnett v. Senkowski*, Civ. No. 9:07-CV-1232 (LEK/DRH), Dkt. No. 48, Pl.'s Lt., dated Feb. 12, 2009 (same).

frivolous prisoner suits, Congress enacted the Prisoner Litigation Reform Act (PLRA) of 1996,

which renders several restrictions on a prisoner's ability to exploit the justice system.  One such

mechanism is the so-called "three-strike rule" which provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or appeal
> in a court of the United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In recognizing the legitimate government interests fostered by the PLRA amendments, the

Second Circuit stated that,

> [p]rior to the enactment of the *in forma pauperis* amendments, inmates suffered no
> economic disincentive to filing lawsuits.  Indeed, the very nature of incarceration--
> prisoners have substantial free time on their hands, their basic living expenses are
> paid by the state and they are provided free of charge the essential resources needed
> to file actions and appeals, such as paper, pens, envelopes and legal materials--has
> fostered a "'nothing to lose and everything to gain'" environment which allows
> inmates indiscriminately to file suit at taxpayers' expense.  *See Anderson v.*
> *Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (quoting *Jones v. Bales,* 58 F.R.D. 453,
> 463-64 (N.D.Ga. 1972), *aff'd,* 480 F.2d 805 (5th Cir. 1973)).

*Nicholas v. Tucker* 114 F.3d 17, 20 (2d Cir. 1997).

## B.  Harnett's Three Strikes

According to Defendants' Motion papers, prior to initiating the current lawsuit, Plaintiff

accrued three or more strikes.  In support of this contention, Defendants submit three orders issued

by three separate federal judges revoking Harnett's IFP status.  Dkt. No. 50.  The first opinion is that

of the Honorable Richard J. Arcara, Chief United States District Judge, Western District of New

York, dated April 25, 2008, in the case of *Harnett v. Pilley*, Civ. No. 08-CV-0285 (W.D.N.Y. 2008).

Within that Order, Chief Judge Arcada recounts Harnett's litigation history and ultimately

determines that, on at least three prior occasions, Plaintiff has had cases dismissed for strike reasons.

Dkt. No. 50-3. The three cases cited by Chief Judge Arcada are: 1) *Harnett v. Newman*, Civ. No. 1:01-CV-374 (S.D.N.Y. Jan. 18, 2001); 2) *Harnett v. Newman*, Civ. No. 01-CV-56 (2d Cir. June 21, 2001); and 3) *Harnett v. Rivera*, Civ. No. 1:01-CV-375 (S.D.N.Y. Jan. 18, 2001). Chief Judge Arcada's decision sparked a flurry of dismissal motion filings in this District, resulting in two other Judges revoking Plaintiff's IFP status in their respective cases: 1) *Harnett v. Barr*, Civ. No. 9:06-CV-1044 (GTS/GJD), Dkt. No. 53, Order, dated Apr. 10, 2009 (N.D.N.Y.) (Suddaby, D.J.) (revoking Harnett's IFP status as improvidently granted in light of the three strikes he accumulated prior to initiating the civil action and directing dismissal in the event Harnett fails to pay the full filing fee); and 2) *Harnett v. Senkowski*, Civ. No. 9:07-CV-1232 (LEK/DRH), Dkt. No. 50, Rep.-Rec., dated June 16, 2009 (N.D.N.Y.) (Homer, M.J.) (revoking Harnett's IFP status due to the accumulation of three strikes and recommending dismissal in the event Harnett fails to pay the full filing fee), *adopted in whole by* Dkt. No. 50, Order, dated June 16, 2009 (Kahn, J.).

Now, Defendants similarly move in the instant case for the same relief granted by Chief Judge Arcara, Judge Suddaby, Judge Kahn, and Judge Homer, that being revocation of Harnett's IFP status and, if necessary, dismissal of this action should Plaintiff fail to pay the filing fee. While the Court received copies of the above referenced Judges' decisions revoking Harnett's IFP status, we were not provided with copies of the underlying "strikeworthy" decisions, a preference we have repeatedly noted any time such a motion is presented. However, we have reviewed the Judges' decisions revoking IFP, as well as the docket sheets from the Southern District and the Second Circuit where the underlying strike cases were filed, and, as explained below, have similarly concluded that the underlying cases were indeed dismissed pursuant to 28 U.S.C. § 1915(e)(2). In reviewing the Defendants' Motion, the Court takes judicial notice of the facts set forth in the

decisions rendered by Chief Judge Arcara, Judge Suddaby, and Judge Homer, as well as the Docket Report annotations in the Southern District and Second Circuit as they are not subject to "reasonable dispute" in that such information is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b); *Reed v. Alexander*, 2008 WL 3155310, at *1 n.3 (N.D.N.Y. Aug. 4, 2008) (taking judicial notice of an opinion docketed in a Western District of New York case to ascertain facts underlying the *habeas* petitioner's conviction).

As noted above, pursuant to 28 U.S.C. § 1915(e)(2), a court may *sua sponte* dismiss a claim if it is frivolous, malicious, or fails to state a claim. Thus, when a court dismisses a complaint and cites to that statute, it's dismissal must be attributed to one of those deficiencies, which are mirrored in 28 U.S.C. § 1915(g). *See, e.g., Chavis v. Curlee*, 2008 WL 508694, at *2 (N.D.N.Y. Feb. 21, 2008).

We first address the Southern District cases. On January 18, 2001, Harnett filed two cases in the Southern District: *Harnett v. Newman*, Civ. No. 1:01-CV-374, and *Harnett v. Rivera*, Civ. No.1:01-CV-375. These cases were consolidated solely for purposes of the court's dismissal order. *See Harnett v. Newman*, Civ. No. 1:01-CV-374 (LEAD) & *Harnett v. Rivera*, Civ. No. 1:01-CV-375 (MEMBER). On that same date, the Honorable Michael B. Mukasey, then-Chief United States District Judge, dismissed both actions pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (for failing to state a claim on which relief may be granted) and § 1915(e)(2)(B)(iii) (for seeking monetary relief against a defendant who is immune from such relief). *Harnett v. Newman*, Civ. No. 1:01-CV-374 (LEAD), Dkt. No. 3, & *Harnett v. Rivera*, Civ. No. 1:01-CV-375 (MEMBER), Dkt. No. 3. According to the docket text accompanying the filing of those orders, the district court also stated that "any appeal

-5-

from this order would not be taken in good faith." *Id.* At the time those actions were filed, Plaintiff was an inmate at the Upstate Correctional Facility. Therefore, the dismissal of those actions pursuant to 28 U.S.C. § 1915(e)(2) constitutes two strikes under § 1915(g).[2]

Notwithstanding the court's direction regarding appeals, Plaintiff appealed the dismissals of his civil action.[3] *Harnett v. Newman*, 1:01-CV-374 (LEAD), Dkt. No. 5. Thereafter, on June 21, 2001, the Second Circuit issued a Mandate denying Plaintiff's motion to proceed IFP and dismissing the appeal "because it lacks an arguable basis in fact or law." *Harnett v. Newman*, Civ. No. 01-CV-56, Order, dated June 21, 2001 (2d Cir.) (*citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989) & 28 U.S.C. § 1915(e)). When a district court dismisses a plaintiff's claims as frivolous and the circuit court does the same on appeal, both the original filing and the subsequent appeal may count as strikes under 28 U.S.C. § 1915(g). *See, e.g., Chavis v. Curlee*, 2008 WL 508694, at *4 n.5 (citing cases).[4] Therefore, Plaintiff's appeal of the district court's dismissal counts as a third strike.

Because we find that Plaintiff accrued three strikes prior to filing the instant civil action, we may properly revoke his IFP status and require him to pay the filing fee in full in order to pursue his claim in this matter. However, before revoking Plaintiff's IFP, we must consider the "imminent

---

[2] The consolidation of the two cases in the Southern District does not prevent the Court from assigning two strikes to Plaintiff as the clear language of 28 U.S.C. § 1915(g) directs the Court to review the number of *actions or appeals* dismissed, and not the number of orders of dismissal. In any event, the two cases in the Southern District appear to have been consolidated solely for purposes of issuing the order and not because the claims bore resemblance to one another such that they should have been filed jointly.

[3] Given our inability to view documents that were not scanned onto the district's electronic filing system, we are unsure as to whether Harnett appealed the dismissal of both actions.

[4] The opinion in *Chavis v. Curlee*, written as a Report-Recommendation by the Honorable George H. Lowe, United States Magistrate, and adopted by the Honorable Lawrence E. Kahn, United States District Judge, cites to cases from the Tenth and Seventh Circuit Courts of Appeal for the proposition that a second strike may result from the dismissal of a federal appeal. The Second Circuit has apparently not spoken directly on the issue, but given the clear language in § 1915(g) defining a strike as a frivolous "*action or appeal*,"(emphasis added), counting a frivolous appeal taken from an initially frivolous complaint as another strike, especially when the Plaintiff has been specifically warned that any appeal would be in bad faith, is congruent with the purposes of the PLRA and 1915(g).

danger" exception to the three-strikes rule provided in 28 U.S.C. § 1915(g).  The Second Circuit has held that this "exception requires the danger to exist when the complaint is filed or when the underlying events take place."  *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (citation omitted).  There is nothing in the original Complaint to suggest that Plaintiff was facing imminent harm at the time he commenced this action, especially in light of the fact that at the time he filed his Complaint, he was housed at Attica Correctional Facility, while his Complaint centers around matters that took place during his incarceration at Clinton Correctional Facility.  Dkt. No. 1, Compl. at p. 6, ¶ 1 ("The claim described here happened during I [sic] was incarcerated at Clinton Correctional Facility.  I am now at Attica Corr. Fac.").

Because Plaintiff has brought three or more actions that were dismissed as frivolous, malicious, and/or for failure to state a claim upon which relief could be granted, his Complaint should be **conditionally dismissed** pursuant to 28 U.S.C. § 1915(g) until such time as he pays the entirety of the $350.00 filing fee due.[5]

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's status as proceeding *in forma pauperis* be **revoked** because Plaintiff has brought on three or more occasions, actions which have been dismissed under 28 U.S.C. § 1915(g), and because he has not alleged in this action that he is in imminent danger of serious physical injury; and it is further

**RECOMMENDED**, that Plaintiff's Amended Complaint (Dkt. No. 5) be **conditionally**

[5] The above analysis is further supported by the following decisions: 1) *Harnett v. Pilley*, Civ. No. 08-CV-285, Order, dated Apr. 25, 2008 (Arcara, C.J.); 2) *Harnett v. Barr*, Civ. No. 9:06-CV-1044 (GTS/GJD), Dkt. No. 53, Order, dated Apr. 10, 2009 (Suddaby, J.); 3) *Harnett v. Senkowski*, Civ. No. 9:07-CV-1232 (LEK/DRH), Dkt. No. 49, Rep-Rec., dated May 27, 2009 (Homer, M.J.) *adopted in whole by* Dkt. No. 50, Order, dated June 16, 2009 (Kahn, J.).

**dismissed** until such time as Plaintiff has payed the entire $350.00 filing fee; and it is further

 **RECOMMENDED**, that if Plaintiff does not submit the $350.00 filing fee **within thirty (30) days** from the date this Report-Recommendation is adopted, his Complaint be **dismissed**; and it is further

 **ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

 Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: August 17, 2009
   Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge